UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOPE ZENTZ,

        Petitioner,                      Case No. 18-cv-11550

v.                                                 Hon. Linda V. Parker

SHAWN BREWER,

        Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS[1] (ECF NO. 8), (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) GRANTING PERMISSION TO APPEAL *IN FORMA PAUPERIS***

Hope Zentz, ("Petitioner"), a Michigan Department of Corrections prisoner, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges her 2007 Oakland Circuit Court no-contest plea convictions to one count of assault with intent to murder, MICH. COMP. LAWS § 750.83, one count of unlawfully driving away a motor vehicle, MICH. COMP. LAWS § 750.413, and one count of larceny from a building. MICH. COMP. LAWS § 750.360. Petitioner is

---

[1] Respondent styles his motion as a motion to dismiss, however, it is properly construed as one of summary judgment because the motion and the record before the Court includes documents outside of the pleadings. *See, e.g.*, *Anderson v. Shane Place*, 2017 U.S. Dist. LEXIS 65670, *6, 2017 WL 1549763 (E.D. Mich. May 1, 2017); *see infra* p. 4.

serving a controlling sentence of 225-to-480 months' imprisonment for the assault conviction and lesser concurrent terms for her other convictions.

The petition raises a single claim: Petitioner was denied procedural and substantive due process at her resentencing hearing when the trial court failed to comply with the terms of the Michigan Court of Appeals' remand order.

This matter is before the Court on Respondent's motion to dismiss the petition as untimely filed. (ECF No. 8.) Petitioner filed a reply to the motion, admitting that the petition was filed after the expiration of the one-year limitations period but asserting that the delay was due to confusion about her appellate remedies and the calculation of the statute of limitations. (ECF No. 10.)

The Court grants Respondent's motion to dismiss because Petitioner failed to comply with the one-year limitations period under 28 U.S.C. §2244(d), and she has failed to demonstrate entitlement to equitable tolling. The Court denies a certificate of appealability, but grants permission to proceed on appeal *in forma pauperis*.

## I. Background

Petitioner's October 24, 2007 no-contest plea to the above offenses resulted from an incident in which she attempted to strangle an 82-year-old family friend. (ECF No. 9-3, at 3-5.) On November 7, 2007, the trial court sentenced Petitioner as a fourth-time habitual felony offender to concurrent terms of 225-to-480 months'

imprisonment for the assault and vehicle larceny convictions and 120-to-180 months' imprisonment for the home larceny conviction.

On April 30, 2008, Petitioner filed through counsel a delayed application for leave to appeal in the Michigan Court of Appeals, challenging her plea and sentence. On May 29, 2008, the Michigan Court of Appeals vacated Petitioner's sentence, remanded the case to the trial court for resentencing, and denied the application with respect to her other claims. (*See* ECF No. 9-5, at 1.)

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising challenges to her plea. The Court denied the application on December 19, 2008. *People v. Zentz*, 758 N.W.2d 302 (Mich. 2008) (Table).

On June 18, 2008, the trial court resentenced Petitioner to concurrent terms of 225 months to 480 months in prison for assault with intent to murder, 22 months to 15 years in prison for unlawfully driving away a motor vehicle, and 1 year to 15 years in prison for larceny in a building.

On June 17, 2009, Petitioner filed through counsel an application for leave to appeal in the Michigan Court of Appeals, challenging her new sentence on the ground that the trial court improperly scored the sentencing guidelines. The Michigan Court of Appeals denied Petitioner's application on July 23, 2009. (*See* ECF No. 9-7, at 1.)

On September 14, 2009, Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim. The Court denied Petitioner's application on November 23, 2009. *People v. Zentz*, 774 N.W.2d 864 (Mich. 2009) (Table).

Over six years later, on November 30, 2015, Petitioner filed a motion for relief from judgment in the trial court, asserting what now forms her habeas claim in addition to a claim of ineffective assistance of counsel. The trial court denied the motion on December 4, 2015. (ECF No. 9-9, at 44.)

On June 7, 2016, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, challenging the denial of her motion for relief from judgment. On September 7, 2016, the Michigan Court of Appeals denied Petitioner's application. (ECF No. 9-9, at 1.)

Petitioner again sought review in the Michigan Supreme Court, but the Court denied leave to appeal on July 25, 2017. *People v. Zentz*, 898 N.W.2d 599 (Mich. 2017) (Table).

Petitioner dated her present habeas petition May 14, 2018, and it was filed on May 17, 2018.

## II. Standard of Review

Though Respondent styles his motion as a motion to dismiss, it is properly construed as one of summary judgment because the motion and the record before

the Court includes documents outside of the pleadings. *See, e.g.*, *Anderson v. Shane Place*, 2017 U.S. Dist. LEXIS 65670, *6, 2017 WL 1549763 (E.D. Mich. May 1, 2017).

Summary judgment is proper where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court will construe all facts in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). There are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id.* If the movant carries its burden of showing an absence of evidence to support a claim, then the non-movant must demonstrate by affidavits, depositions, answers to interrogatories and admissions that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-325 (1986). This standard of review may be applied to habeas proceedings. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

### III. Discussion

There is a one-year statute of limitations for petitions filed by state prisoners seeking federal habeas relief. 28 U.S.C. § 2244(d)(1). The limitations period runs from one of four specified dates, usually either the day when the judgment becomes final by the conclusion of direct review or the day when the time for seeking such

review expires. § 2244(d)(1)(A). The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." § 2244(d)(2).

Section 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured in this case. Under this section, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Where a resentencing occurs, a judgment of conviction becomes final upon the expiration of time for seeking "direct review of the new sentence." *Rashad v. Lafler*, 675 F.3d 564, 568 (6th Cir. 2012) (citing *Burton v. Stewart*, 549 U.S. 147 (2007)). Here, the expiration of time for seeking direct review of Petitioner's new sentence was February 21, 2010—90 days after the Michigan Supreme Court denied Petitioner's application for leave to appeal from her resentencing appeal on November 23, 2009. The limitations period expired one year later, on February 21, 2011. Petitioner signed and dated her habeas petition on May 14, 2018, well after the one-year limitations period had already expired.

The one-year statute of limitations may be statutorily tolled by a properly filed motion for post-conviction review. *See* 28 U.S.C. § 2244(d)(2). Petitioner filed a post-conviction review proceeding, but she did not do so until 2015, after the statute of limitations had already expired. A motion for relief from judgment "that is filed

following the expiration of the limitations period cannot toll [the limitations] period because there is no period remaining to be tolled." *Smith v. Stegall*, 141 F. Supp. 2d 779, 782-83 (E.D. Mich. 2001) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). Similarly, when the habeas statute of limitations has already expired, "the conclusion of state court collateral review" does not reset the limitations clock. *Neal v. Bock*, 137 F. Supp. 2d 879, 884 (E.D. Mich. 2001).

Petitioner does not contest these calculations. Instead, she argues that she is entitled to equitable tolling due to confusion about her appellate remedies following resentencing and due to uncertainty regarding the application of the statute of limitations. (ECF No. 10, at 2-3.) A petitioner is entitled to equitable tolling if she shows: "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). The party seeking equitable tolling bears the burden of proving that she is entitled to it. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

Petitioner asserts that she is entitled to equitable tolling of the one-year limitations period, in effect, due to her lack of legal knowledge. The fact that Petitioner is untrained in the law or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (*pro se* status is not an extraordinary

7

circumstance); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (illiteracy is not a basis for equitable tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's *pro se* status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling). Accordingly, Petitioner has completely failed to demonstrate entitlement to equitable tolling based on the fact that she was resentenced or based on her lack of knowledge of the statute of limitations.

The one-year statute of limitations may also be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). To prevail under this standard a habeas petitioner must present the Court with new, reliable evidence not presented at trial to establish that she is actually innocent of the crime. *See Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005). Petitioner has not attempted to present the Court with new, reliable evidence indicating her actual innocence.

Accordingly, the Court grants Respondent's motion for summary judgment and dismisses the petition because it was filed after expiration of the one-year statute

of limitations and Petitioner has failed to demonstrate entitlement to equitable tolling.

### IV. Certificate of Appealability

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the court concludes that jurists of reason could not debate the Court's procedural ruling. A certificate of appealability, therefore, is denied.

Leave to appeal *in forma pauperis* is granted because an appeal of this order could be taken in good faith. 18 U.S.C. § 1915(a)(3).

## V. Order

For the foregoing reasons, **IT IS ORDERED** that Respondent's motion for summary judgment is **GRANTED**, and the petition is **DISMISSED.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that permission for leave to appeal *in forma pauperis* is **GRANTED.**

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 14, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 14, 2019, by electronic and/or U.S. First Class mail.

s/ K. MacKay
Case Manager